UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BONIFACIO MUNOZ,

        Plaintiff,

        -against-

JAMAICA BUILDERS LLC, 153 JAMAICA HOUSING
DEVELOPMENT FUND CORPORATION, THE CITY OF
NEW YORK, NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT,
NEW DESTINY HOUSING CORPORATION, JAMAICA
OWNER LLC, BFC PARTNERS, L.P., JAMAICA RETAIL
OWNER LLC, SMJ DEVELOPMENT LLC, 153 JAMAICA
DEVELOPER LLC, BFC PARTNERS DEVELOPMENT
LLC, SMJ JAMAICA LLC, BFC ASSOCIATES, LLC, RISE
DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC,
and CONCRETE SUPERSTRUCTURES, INC.,

        Defendants.
-------------------------------------------------------------------x
RISE CONCRETE LLC,

        Third Party Plaintiff

        -against-

ARO CONSTRUCTION GROUP INC.

        Third Party Defendant
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-7864 (OEM) (CLP)

**ORELIA E. MERCHANT, United States District Judge:**

    Before the Court is what is on its face a motion to stay, pending appeal, this Court's order remanding this case to state court for want of subject matter jurisdiction brought pursuant to Fed. R. App. P. 8(a). However, at its core, the request for a stay—and indeed the removal of this action to this forum—appear to be yet another attempt by the removing defendants to end run an unfavorable discovery decision made by the state court under the guise of purported violations of

Due Process Clause of the Fourteenth Amendment. For the reasons stated below, the motion for a stay pending appeal is **DENIED**.

## BACKGROUND

In September of 2019, plaintiff Bonifacio Munoz ("Plaintiff" or "Munoz") was injured while on the job at a construction site in Jamaica, Queens. *See* Notice of Removal, ECF 1 ("Removal Notice"), ¶ 3. He subsequently sued multiple defendants, including the building owners, contractors, and city agencies, in New York Supreme Court, Queens County, in or around October 2020 for alleged negligence and various violations of the New York Labor Law. *See* Removal Notice at 1; *see generally* New York Supreme Court Complaint ("Compl."), ECF 1-1. In response, defendants Rise Development Partners, LLC and Rise Concrete LLC (together, "Rise Defendants") responded by impleading Plaintiff's employer, third-party defendant ARO Construction Group, Inc. ("ARO"). *Id.* ¶ 4.

Three years later, after extensive discovery, including several depositions of Munoz, the Rise Defendants, along with others (together, the "Removing Defendants"[1]), filed a notice of removal and removed the state court action to this Court. *See* Removal Notice ¶ 9; Transcript of 9/11/2023 State Court Hearing ("Hrg Tr."), ECF 1-10, at 6:17-23. The alleged basis for removal of the action cited in the Notice of Removal was federal question or "arising under" jurisdiction pursuant 28 U.S.C. § 1331. *See id.* ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); Removal Notice ¶ 6. The Removing Defendants' theory of jurisdiction is predicated on the fact that, during discovery, they discovered facts that pointed to Munoz having several "different aliases" and that

---

[1] In full, the Removing Defendants are: Rise Development Partners, LLC, Rise Concrete LLC, Jamaica Builders LLC, 153 Jamaica Housing Development Fund Corporation, Jamaica Owner LLC, and Jamaica Retail Owner LLC.

"[Munoz] is not who he alleges to be. [Munoz] testified he is an [undocumented immigrant] despite presenting false documentation regarding his citizenship to his employer, and investigation has revealed he goes by multiple aliases."[2] Removal Notice ¶¶ 9-10.  Accordingly, because of this purported "scheme to conceal his identity," "[Munoz]'s presentment of his personal injury claims thus result[ed] in a deprivation of [Removing Defendants'] rights to present an adequate defense guaranteed under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, respectively, of the United States Constitution." Removal Notice ¶¶ 11-12.[3] Specifically, to the extent a theory of federal question jurisdiction is cognizable, Removing Defendants allege that "they have a Constitutional right to defend themselves" and it is a "Constitutional violation when a defendant's right to prepare a defense is jeopardized" and Munoz's purported use of differing names or "false identities" gives rise to "Constitutional issues," namely "deprivation of [Removing Defendants'] property rights vis-à-vis an unjust and inflated monetary award, whether in settlement or judgment after trial, due to its inability to prepare defenses related to prior injuries, pre-existing conditions and treatment history." Removal Notice ¶¶ 13-15, 20.

However, when the Removing Defendants pressed this same theory before the state court in a motion to dismiss for Plaintiff's purported failure to comply with their discovery requests, *see* Defendants' State Court Motion to Dismiss ("Defs' State MTD"), ECF 1-8, they were, in their

---

[2] To be clear, the allegations made in the Notice of Removal indicate only that Plaintiff sometimes has used the names "Bonifaso Munoz" or "Bonadio Munoz" or "Bonifacio Rosaliano Munoz" in various settings; has used addresses returning to a gas station; and bought a Social Security number so he could gain employment. Removal Notice ¶ 10 (citing various exhibits attached to Removal Notice).

[3] Since the filing of the Notice of Removal, the Removing Defendants have not further alleged any claims regarding violations of the Equal Protection Clause in any submission and the Court deems this claim abandoned. *See Lebowitz v. New York City Dep't of Educ.*, No. 15-CV-2890(LDH)(ST), 2020 WL 7024362, at *5 (E.D.N.Y. Nov. 30, 2020).

words, "rebuffed." *See* Removing Defendants' Response to Order to Show Cause ("OTSC Response"), ECF 6 at 1-2. Specifically, the state court judge opined that:

> Defendants' argument that plaintiff failed to provide adequately identifying information is without merit, as plaintiff's counsel demonstrated that plaintiff identified himself at his deposition and was identified in a number of documents, including the accident report and Department of Buildings paperwork.

Motion to Dismiss Order dated 9/21/2023 ("MTD Decision"), ECF 1-11, at 4.

Unsatisfied that the state court had not "properly explore[d] the Constitutional issue" they believed apparent, the Removing Defendants removed this action hoping for another bite of the apple arguing that the "federal judicial system is the only mechanism that can truly resolve the Constitutional issues presented here." OTSC Response at 3.

On October 24, 2023, the Court issued an order to show cause as to the basis of the Court's subject matter jurisdiction pursuant to § 1331, given the well-plead complaint rule. *See* Order dated 10/24/2023 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14, (1983)). The Rise Defendants filed their OTSC Response on November 1, 2023. On November 2, 2023, the Court issued the following docket order remanding the actions and terminating the case:

> The Court finds that defendants have not stated a cognizable basis for federal removal jurisdiction. See 28 U.S.C. § 1441, 28 U.S.C. § 1447(c). First, there is no diversity of citizenship between the parties claimed or in the complaint. See Compl., [] ¶¶ 1, 6. *See* 28 U.S.C. § 1332. Accordingly, federal question jurisdiction must lie. "Federal question jurisdiction exists where a well-pleaded complaint establishes either that federal law creates the cause of action or that t*he plaintiff's right to relief* necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) (cleaned up) (emphasis added). "Subject matter jurisdiction will lie only where the court determines that the substance of [the plaintiff's] allegations raises a federal question." *Id.* (same). "The existence of a federal question must be determined s*olely by reference to the plaintiff's own claim* not by reference to statements raised in anticipation or avoidance of possible defenses that may be interposed." *Id.* (citation and quotation marks omitted) (emphasis added). Defendants point to no substantial question of federal law in or arising from the plaintiff's complaint. Plaintiff's complaint is plainly a worker's injury suit premised

4

>on negligence and New York statutes. *See* Compl. ¶¶ 218, 220-237. Defendants' claims that they are being denied constitutional due process because "there are outstanding questions of who Plaintiff is and Plaintiff's various identities" and that they have been "rebuffed" by the State Court in pursuing this theory is unavailing and unsupported by any authority.

*Id.* (citations omitted).

On November 7, 2023, the Rise Defendants filed a notice of appeal to the Second Circuit, ECF 8, and then filed the instant motion to stay the remand order pending appeal on November 14, 2023. On November 27, 2023, Plaintiff filed his opposition, ECF 12 ("Pl's Opp."), to the stay motion.

## STANDARD OF REVIEW

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (quoting *Virginian R. Co. v. United States,* 272 U.S. 658, 672, 47 (1926)). "It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (citations omitted).

Under the *Nken* factors, a court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.*

## DISCUSSION

### A. Defendants Present No Serious Question on the Merits.

"It is well-established in this circuit that a party seeking a stay may satisfy the first factor—'likelihood of success'—by showing that there are 'serious questions' going to the merits of the dispute and that the balance of hardships tips decidedly in its favor." *Starke v. SquareTrade, Inc.*, No. 16-CV-7036(NGG)(SJB), 2017 WL 11504834, at *1 (E.D.N.Y. Dec. 15, 2017) (citing *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-37 & n.7 (2d Cir. 2010) (concluding that *Nken* did not implicitly abrogate the Second Circuit's "serious questions" standard)). Here, Removing Defendants fail to demonstrate any serious questions on the merits.

Notably, Removing Defendants entirely fail to point to any allegations *in Munoz's complaint* that gives rise to a federal question or cause of action. "The standard governing removal of cases from state to federal court is well-settled. A state court action can be removed by a defendant to federal court if the case could have originally been brought in federal court." *Atanasio v. Bhd. of Locomotive Engineers & Trainmen*, 424 F. Supp. 2d 476, 480 (E.D.N.Y. 2006) (citing 28 U.S.C. § 1441(a)). "In the absence of diversity jurisdiction, which neither party asserts here, federal question jurisdiction is required for removal." *Id.* "Under the 'well-pleaded complaint' rule, federal question jurisdiction exists where a federal cause of action appears on the face a *plaintiff's properly pleaded complaint*." *Id.* (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)) (emphasis added). "A complaint that only anticipates a defense based on federal law . . . does not entitle a defendant to removal." *Id.* (citation omitted). Here, Removing Defendants' only source of even a federal ingredient comes in the form of a putative violation of their constitutional due process rights to "prepare a defense," which is barred under the well-plead

6

complaint doctrine. And, even if it were cognizable, the argument is entirely without merit.[4] Removal Notice ¶¶ 13-15. Ultimately, Removing Defendants cannot surmount the well-plead complaint rule.

Moreover, "[u]nder the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of state court judgment," which essentially serves as "a form of abstention that applies to [] district courts . . . ." *New York Cmty. Bank v. Smith*, No. 06-CV-5684 (SCR), 2007 WL 9752002, at *1 (S.D.N.Y. Aug. 17, 2007); *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 4 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States [d]istrict [c]ourt has no authority to review final judgments of a state court in judicial proceedings."). As discussed above, Removing Defendants do not seek an adjudication of a question federal or Constitutional law raised in Plaintiff's complaint, but rather appear to seek an improper collateral review of the state court's motion to dismiss decision which rejected wholesale Removing Defendants' argument that they required more documentation to ascertain Munoz's identity and continue litigating against him. *See* Removal Notice ¶¶ 16-18. Indeed, in their memorandum of law requesting a stay, ECF 10 (the "Stay Memo"), the Removing Defendants state:

> The petitioners are unable to obtain a fair case in State Court on this matter. The State Courts have already denied the petitioners' their due process rights by denying

---

[4] Removing Defendants' repeated invocation of their "absolute right to prepare a defense" in this civil action, started in state court, is conspicuously without the support of or citation to any authority. *See* Stay Memo ¶ 18. The Constitution and the "Due Process Clause protects people from *state* action, not private actions." *Brooks v. Giuliani*, 84 F.3d 1454, 1470 (2d Cir. 1996) (Parker, J. dissenting). For years in the state court action, Removing Defendants have engaged in discovery availing themselves of their opportunity to prepare a defense. Only now after facing an unfavorable decision in state court, do Removing Defendants allege that the process afforded by New York law was constitutionally deficient but can point to nothing except their disagreement with the state court judge's decision. To the extent that Removing Defendants disagree with the state trial court's decision, New York law provides substantive safeguards from erroneous decisions in the form of an appeal. N.Y. CPLR § 3037.

7

> the petitioner's motion to compel the identification documents for the plaintiff. The State Court has denied the Removing Defendants a constitutionally adequate opportunity to provide argument in support thereof.

*Id.* ¶ 20*; see id.* ¶¶ 16-21, 26-27.

Thus, even if jurisdiction was available over Plaintiff's claims, this Court would abstain under the *Rooker-Feldman* doctrine. Removing Defendants are nowhere near likely to succeed on the merits of this action; hence, the first *Nken* factor weighs heavily against a stay.

### B. Irreparable Harm

In their view, the "irreparable harm" facing the Removing Defendants is that they would unfairly have to continue litigating in state court in alleged violation of their "absolute" Due Process right to prepare a defense. *Id.* ¶¶ 16-19. Removing Defendants proceed on the theory that the state court's motion to dismiss ruling impedes the Removing Defendants' ability to investigate and calculate damages; that is, this adverse ruling cut off their further attempts ascertain in discovery "who plaintiff is" which is essential to their "absolute right" to prepare a defense. *Id.* As indicated above, Plaintiff's entire theory of irreparable harm asks this Court to improperly review and pass judgment on the propriety of a state court ruling. *See id.* ¶¶ 16-21. Setting aside the obvious *Rooker-Feldman* issues highlighted above, "[t]he risks that Defendants may face if litigation proceeds in state and federal courts do not qualify as irreparable injuries." *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, No. 20-CV-5153(NGG)(JMW), 2021 WL 4776610, at *4 (E.D.N.Y. Oct. 13, 2021) (denying stay pending appeal). Removing Defendants "appear to contend that they will be irreparably injured if the state court litigation reaches a judgment before the Second Circuit decides their appeal, assuming the appellate panel rules in their favor." *Id.* (footnote omitted). "The possibility of that injury, if it were to arise, is both remote and speculative," and does not demonstrate a likelihood of irreparable harm. *Id.* (cleaned

up) (citing *Nken*, 556 U.S. at 434-35 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor.")); *see Leroy*, 563 F. Supp. 3d at 30 ("Defendants right to appeal is rendered 'nugatory' only if the state court reaches the merits of plaintiffs' claims before the Second Circuit, on appeal, holds that I improperly remanded plaintiffs' case. However, the likelihood of this outcome is, once again, not 'truly imminent,' but rather a 'remote and speculative' injury."). Thus, the second *Nken* factor does not weigh in favor of a stay.

### C. Risk of Substantial Injury to Plaintiff if a Stay is Granted

Removing Defendants contend that Munoz "will not suffer any 'substantial injury' should this case be stayed." Stay Memo ¶ 22. The Court finds to the contrary. On September 16, 2020, Plaintiff was walking to retrieve some rebar at the Queens construction site when he lost his balance, fell four feet, and hit his right knee and leg on a "number 11 [re]bar." *See* Worker's Compensation and Medical Records, ECF 1-6, at 15-16, 46. Medical records establish Munoz has since undergone arthroscopic surgery on his right knee and undergone physical therapy but still had not fully regained his knee strength or extension as of September 2020. *Id.* at 51. At this point, the state court litigation has been ongoing for over four years without resolution. *See* Pl's Opp. at 6. Without speculating as to whether Munoz will ultimately be successful on his claims, the Court finds that the risk of postponed compensation is significant enough to weigh against the issuance of a stay. *See Leroy*, 563 F.Supp.3d at 31. Further, as Plaintiff points out, Defendants have "retained all of their affirmative defenses, and can address both those defenses and Plaintiff's liability and damages claims at trial and appeal before the Appellate Division, Second Department and the New York Court of Appeals." Pl's Opp. at 6. Consequently, the third *Nken* factor does not weigh in favor of stay.

### D. The Public Interest

For a portion of their Stay Memo, Removing Defendants stridently stake out their position and grievances with respect to what they perceive to be a "pervasive" "pattern" of "undocumented migrants who use false documentation in violation of the [Immigration Reform and Control Act (IRCA)[5]] and maintain multiple unknown identities . . . ." *Id.* ¶ 29. Without care for reference to any fact or authority, Removing Defendants continue that:

> There is imminent public harm stemming for the continuation of these cases by undocumented workers who refuse to disclose their identities. The United States is projected to continue its trend of receiving surges of global migrants crossing its borders. Remanding this case without resolving the constitutional issues would have a thawing effect in that it will set a precedent of greenlighting migrants to continue or even increase the filing of cases where plaintiffs present false documentation to the detriment of the defendants and to the public.

*Id.* ¶ 30.

Removing Defendants maintain that the "judicial branch has an affirmative duty to prevent abuses upon its courts and protect parties' rights to due process" and that "[s]hould this case proceed in State Court and not be stayed pending appeal there would continue to be an abuse of the judicial system in violation defendants' due process rights." *Id.* ¶ 31.

As an initial matter, the Court notes that any attorney presenting a motion or other paper to this Court must certify that all "factual contentions have evidentiary support" and are made upon "an inquiry reasonable under the circumstances" or be subject to the pain of sanctions. Fed. R. Civ. P. 11(b)(3). Removing Defendants' bald assertions are not supported by any evidence. Even more unfounded is the Removing Defendants' theory that a federal venue is necessary to adjudicate their defective constitutional claims of Due Process Clause violations and that, absent the Court's immediate action here and now, this Court will be providing a "green light" for untold scores of

---

[5] *See* 8 U.S.C. § 1324c.

10

migrant plaintiffs to bring workers compensation actions using "false identities." It is indeed both wildly speculative and a slight to "[t]he competency of New York state courts to decide questions arising under the federal Constitution, by which we are all governed, [and] is beyond question." *Dorce v. City of New York*, 460 F. Supp. 3d 327, 344 (S.D.N.Y. 2020) (quoting *Erdmann v. Stevens*, 458 F.2d 1205, 1211 (2d Cir. 1972) (quotation marks and subsequent history omitted).

      The Court recognizes that the instant case is fundamentally a private workers' compensation dispute. However, the Court finds that denying the request for a stay of its remand order tips in favor of the public interest for two reasons. First, denying the stay request supports the interest of ensuring a more timely resolution of this case—which again only raises issues of New York law—and avoiding any delay in recouping any damages that might be owed to Munoz. *Cf. In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170–71 (2d Cir. 2007) (recognizing "there is a public interest in having [plaintiffs] who might be entitled to recovery receive compensation while still living and able to use it to cover medical costs and improve the quality of their lives."). Second, denying a stay is in the public interest as a matter of deterrence and adherence to federalism and separation of powers; it warns future litigants contemplating using similar removal tactics as Removing Defendants that such legally baseless and factually unfounded attempts to end run unfavorable state court orders will not be tolerated and that federal courts will always abide by their "special obligation to make sure that our conclusions concerning our own jurisdiction rest on a firm and legitimate foundation." *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (Stevens, J. dissenting.). Accordingly, the fourth *Nken* factor weighs against a stay.

## CONCLUSION

For the foregoing reasons, Removing Defendants' motion to stay the remand order pending appeal is **DENIED**.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

November 29, 2023
Brooklyn, New York

12